**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesus MARTINEZ, Defendant-Appellant.**

**No. 90-8743.**

United States Court of Appeals,
Eleventh Circuit.

May 20, 1991.

Paul Stephen Kish, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Joe D. Whitley, U.S. Atty., Mary Jane Stewart, Atlanta, Ga., for plaintiff-appellee.

Before FAY and BIRCH, Circuit Judges, and HOFFMAN *, Senior District Judge.

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

FAY, Circuit Judge:

This case presents two questions concerning determination of the criminal history category of a criminal defendant under the United States Sentencing Guidelines. We are first asked to determine whether a defendant who has not yet surrendered for service of sentence may be considered "under [a] criminal justice sentence" within section 4A1.1(d) of the Guidelines. Secondly, we must decide whether a district court may assign points under section 4A1.1(d) of the Guidelines, as well as under section 4A1.1(a) without violating the double jeopardy clause. For the reasons that follow, we find that a defendant who has been sentenced, regardless of whether he has surrendered for service of that sentence, must be considered "under [a] criminal justice sentence" within section 4A1.1(d). In addition, we conclude that the double jeopardy clause does not prohibit the assignment of points under section 4A1.1(d) as well as section 4A1.1(a).

*Factual and Procedural History*

Defendant–Appellant Jesus Martinez was convicted on August 21, 1987, on charges of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841. On September 9, 1987, a district court sentenced Martinez to eight years in prison. Martinez was allowed to voluntarily surrender himself for service of that sentence on November 2, 1987. Martinez failed to re-

port for service of his sentence and was not recaptured until February 14, 1990.

Martinez pled guilty to the charge of failure to surrender for service of sentence, in violation of 18 U.S.C. § 3146. The district court followed the recommendations contained in the Presentence Report in order to determine Martinez's criminal history category under the United States Sentencing Guidelines.[1] In determining Martinez's criminal history category, the district court assigned Martinez three points under section 4A1.1(a)[2] and two points under section 4A1.1(d).[3]

*Discussion*

Interpretation of the United States Sentencing Guidelines is similar to statutory interpretation; therefore, the district court's reading of the Guidelines is subject to *de novo* review on appeal. *United States v. Worthy*, 915 F.2d 1514, 1516–17 (11th Cir.1990); *United States v. Goolsby*, 908 F.2d 861, 863 (11th Cir.1990).

Martinez first claims that the district court erred in assigning him two points under section 4A1.1(d) of the Guidelines. He asserts that because he had not yet reported for service of his eight-year sentence, he was not "under [a] criminal justice sentence" for purposes of the application of section 4A1.1(d). Assuming, arguendo, that counsel for Martinez was serious in advancing this argument, we reject it entirely. Martinez was "under [a] criminal justice sentence" from the time he was

---

1. Under the Sentencing Guidelines, the district court will first set the base offense level for the defendant. It will then separately compute the defendant's criminal history category. The intersection of the offense level and criminal history category on the Sentencing Table then determines the appropriate Guideline Range in months of imprisonment. It has been noted that the distinction between the calculation of the offense level and the calculation of the criminal history category is important insofar as "each calculation concerns a conceptually separate notion related to sentencing." *United States v. Goolsby*, 908 F.2d 861, 863 (11th Cir. 1990). The total offense level "reflects the seriousness of the offense of conviction adjusted for relevant conduct." *Id.* (citation omitted). The criminal history score then " 'evaluates the need to increase [the offender's] sentence incrementally to deter him from further criminal activity.' " *Id.* (quoting *United States v. Scroggins*, 880

F.2d 1204, 1210 (11th Cir.1989), *cert. denied,* ── U.S. ──, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990).

2. Section 4A1.1(a) instructs the sentencing court to

  (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

 United States Sentencing Commission, *Guidelines Manual,* § 4A1.1(a) (Nov.1990).

3. Section 4A1.1(d) instructs the sentencing court:

  (d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

 U.S.S.G. § 4A1.1(d).

sentenced by the district court, regardless of when he was expected to begin serving that sentence. Once sentence had been imposed upon Martinez, he was subject to the control of that sentence and could have been required to report at any time. *See United States v. Lewis*, 900 F.2d 877, 879 (6th Cir.) ("For purposes of calculating a sentence under the Guidelines, failure to appear to serve a sentence is analogous to escape from custody because both offenses occur while the defendant is *under* a criminal justice sentence.") (emphasis added), *cert. denied*, —— U.S. ——, 111 S.Ct. 117, 112 L.Ed.2d 86 (1990).

 Martinez next maintains that the district court's application of section 4A1.-1(d) in addition to section 4A1.1(a) constituted multiple punishment for a single prior offense in violation of the double jeopardy clause. Once again, we disagree. While the double jeopardy clause protects a criminal defendant from "multiple punishments for the same offense," *Albernaz v. United States*, 450 U.S. 333, 343, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981), it "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).

The district court's assignment of points under both section 4A1.1(a) and section 4A1.1(d) does not punish Martinez more than once for the same offense, but rather only determines the severity of his single sentence. *See United States v. Lewis*, 900 F.2d at 880 ("[T]he criminal history category is used to impose more severe sentences for defendants having a criminal history.") (citing *United States v. Ofchinick*, 877 F.2d 251, 256 (3d Cir.1989). In addition, the district court's use of both sections in determining Martinez's criminal history category does not have the effect of prescribing greater punishment than the Guidelines intend. Because the district court's application of the Sentencing Guidelines does not sentence Martinez more than once for the same conduct and does not exceed the statutory maximum punishment

authorized by Congress, we must reject Martinez's double jeopardy claim.

*Conclusion*

The judgment of the district court is accordingly AFFIRMED.