990 F.2d 1378
 301 U.S.App.D.C. 108
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Ronnie SPRAGGINS, Appellant.
 No. 92-3033.
 United States Court of Appeals, District of Columbia Circuit.
 March 30, 1993.
 
 Before: GINSBURG, WILLIAMS, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by counsel. See D.C.Cir.Rule 13(i). The court is satisfied that appropriate disposition of the case does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 Spraggins presents only one issue for review. He maintains that the district court "overstated ... [his] true criminal history" by assigning too many points on account of his 1984 conviction in Maryland for attempted housebreaking. Spraggins does not contest the three points assigned under U.S.S.G. § 4A1.1(a); under that provision, three points are added "for each prior sentence of imprisonment exceeding one year and one month." He does contest the two further points assigned under U.S.S.G. § 4A1.1(d); under that provision, two points are added "if the defendant committed the instant offense while under any criminal justice sentence, including probation." Spraggins in fact was on probation in the attempted housebreaking case at the time he committed the instant offense.
 
 
 5
 Spraggins did not raise in the district court the issue he urges on appeal. We therefore review only to determine whether a "plain error" was made. See United States v. Ortez, 902 F.2d 61, 64 (D.C.Cir.1990). We detect no such error in the criminal history point computation Spraggins contests.
 
 
 6
 The principal objection Spraggins makes to the application of U.S.S.G. § 4A1.1(d) has been considered and rejected in cogent decisions Spraggins' brief fails even to acknowledge. See United States v. Martinez, 931 F.2d 851, 853 (11th Cir.) (assigning points under both § 4A1.1(a) and § 4A1.1(d) "does not punish [appellant] more than once for the same offense, but rather only determines the severity of his single sentence"), cert. denied, 112 S.Ct. 268 (1991); United States v. Stephenson, 924 F.2d 753, 759 (8th Cir.) (assigning discrete points for prior conviction and for violation of probation "involve[s] two distinct considerations and do[es] not result in an improper or unconstitutional double-counting"), cert. denied, 112 S.Ct. 321 (1991). Nor does Spraggins' concern about exposure to further penalties in Maryland warrant our attention. His plea in that regard is currently premature and ultimately unavailing. See Bartkus v. Illinois, 359 U.S. 121 (1959); Abbate v. United States, 359 U.S. 187 (1959).