UNITED STATES of America, Plaintiff–Appellee,

v.

Lee Roy PARKER, Defendant–Appellant.

No. 97–30199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1998.

Decided Feb. 17, 1998.

Rich Curtner, AFD, and Myra Sun, AFD, Anchorage, Alaska, for defendant-appellant.

Joseph W. Bottini, AUSA, Anchorage, Alaska, for plaintiff-appellee.

Before: BRUNETTI and RYMER, Circuit Judges, and McGOVERN,* District Judge.

PER CURIAM:

■ Lee Roy Parker appeals his sentence under the United States Sentencing Guidelines (hereinafter Guidelines or U.S.S.G.) for his guilty plea conviction for failure to surrender for service of sentence in violation of 18 U.S.C. § 3146(a)(2). In determining his sentence, the district court increased Parker's criminal history score for committing the failure to surrender offense while under a criminal justice sentence, and, while on escape status. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review Federal Sentencing Guidelines interpretations de novo, *United States v. Wright*, 891 F.2d 209, 210–11 (9th Cir.1989), and we affirm.

### I.

Parker was convicted in 1989 for growing marijuana. He was released on bail while his appeal was pending. After his appeal was denied, Parker refused to surrender to

serve his sentence. In 1997, Parker was rearrested in Oklahoma. He pled guilty to failure to surrender to serve a sentence, in violation of 18 U.S.C. § 3146(a)(2).

Parker was assigned a base offense level of 11 under U.S.S.G. § 2J1.6(a)(1). The offense level was reduced by 2 for acceptance of responsibility, under U.S.S.G. § 3E1.1. Parker was assigned 3 criminal history points under § 4A1.1(a) for his underlying marijuana conviction, and another point for a prior drunk driving conviction. He also received 2 criminal history points for committing the offense while under a criminal justice sentence, pursuant to § 4A1.1(d); and 1 point for committing the offense while on escape status, pursuant to § 4A1.1(e). This added up to 7 criminal history points, which placed Parker in criminal history category IV.

The Guidelines mandate a range of 12–18 months imprisonment for a defendant with a criminal history category IV who commits a level 9 offense. Parker was sentenced to 12 months imprisonment. Without the 3 criminal history points under § 4A1.1(d) and (e), Parker would have been in criminal history category III, with the corresponding sentencing range being 8–14 months.

### II.

■ Parker argues on appeal that increasing his criminal history score by 3 points under § 4A1.1(d) and (e) constituted impermissible double counting because the conduct which gives rise to the criminal history enhancements is also a necessary element of the offense. We disagree.

■ "Double counting" occurs when the Guidelines use the same conduct more than once to increase the severity of a sentence. Double counting is permissible if it accounts for more than one type of harm caused by the defendant's conduct, or where each enhancement of the defendant's sentence serves a unique purpose under the guidelines. *See United States v. Calozza*, 125 F.3d 687, 691 (9th Cir.1997); *United States v. Reese*, 2 F.3d 870, 895 (9th Cir.1993), *cert.*

---

* Hon. Walter T. McGovern, Senior United States District Judge for the Western District of Washington, sitting by designation.

*denied* 510 U.S. 1094, 114 S.Ct. 928, 127 L.Ed.2d 220 (1994). Offense level determination serves a different purpose than the criminal history calculation. *See, e.g., United States v. Buchanan,* 59 F.3d 914, 920 (9th Cir.1995), *cert. denied* 516 U.S. 970, 116 S.Ct. 430, 133 L.Ed.2d 345 (1995) (enhancement of offense level "reflects the Sentencing Commission's view that failing to appear for trial obstructs and unduly delays the criminal process. The increase in Buchanan's criminal history score reflects the fact that he committed a crime while on probation for another crime"); *United States v. Martinez,* 931 F.2d 851, 852 n. 1 (11th Cir.1991) (calculation of criminal history and calculation of base offense level concern conceptually separate notions related to sentencing); *accord United States v. Burnett,* 952 F.2d 187, 189 (8th Cir.1991).

Accordingly, criminal history calculation and offense level determinations serve unique purposes under the Guidelines, thus there is no impermissible double counting where conduct which gives rise to criminal history enhancements is also a necessary element of the offense.

AFFIRMED.