UNITED STATES of America,
Plaintiff–Appellee,

v.

**Lee Roy PARKER, Defendant–Appellant.**

No. 97–30199.

United States Court of Appeals,
Ninth Circuit.

June 11, 1998.

Before: BRUNETTI, and RYMER, Circuit Judges, and McGOVERN,* District Judge.

Order; Dissent by Judge REINHARDT.

---

* Hon. Walter T. McGovern, Senior United States

District Judge for the Western District of Wash-

## ORDER

An active judge sua sponte requested that the court rehear this case en banc. The request failed to receive a majority of the votes of the non-recused active judges. The request is rejected.

The mandate shall issue forthwith.

REINHARDT, Circuit Judge, with whom Judges PREGERSON, MICHAEL DALY HAWKINS, and TASHIMA join, dissenting from the failure to rehear en banc:

I respectfully submit that this decision constitutes a flat misreading of the Federal Sentencing Guidelines and is directly contrary to established law. The result is that we authorize and condone double punishment. Because the error is so blatant and because it may affect a number of defendants, I believe it is our obligation to convene an en banc court to correct our mistake.

## I

The panel's opinion holds in substance, without any serious analysis of the issue, that *every* time a defendant commits a violation of a particular provision of the criminal code, 18 U.S.C. § 3146(a)(2), regardless of the circumstances, he will automatically be subject to an enhancement—a penalty in addition to the punishment for the offense itself. That cannot be the law. Enhancements are intended to supplement the base level sentence prescribed by the Guidelines when there is cause for an increased sentence—that is, when there is "something more" about the defendant's conduct that makes him more culpable. Cause may exist as a result of the defendant's prior criminal history or as a result of conduct on his part that exacerbates the severity of the offense. To increase the base level sentence in *every* case, however, is to change the Guidelines themselves by establishing a different base level sentence than was determined by the Sentencing Commission.

Here, the offense was failing to surrender to serve a sentence. The base level sentence for that offense is set by § 2J1.6(a)(1) of the

Guidelines. The panel approves the increase of the sentence under an enhancement provision, § 4A1.1(d), that increases the punishment when "the defendant committed the instant offense while under [a] criminal justice sentence." The purpose of that provision is obvious. A person who commits a crime while under sentence (even the crime of failing to report) should be punished on a basis that reflects the fact that he is more culpable than a person who commits a crime while not already under sentence. The commission of a crime while under sentence reflects an additional disregard for the law.

However, in the case of the offense of failing to surrender to serve a sentence, that additional disregard is necessarily taken into account in the base level sentence established under the Guidelines. Every person committing that crime is already under sentence. No one not already under sentence can commit that offense. Thus, it is beyond dispute that in establishing the base level offense the Sentencing Commission took into account the fact that the defendant was under sentence when he committed the offense. Indeed, being under sentence is an essential element, in fact the *sine qua non*, of the offense. The base level sentence is designed to punish adequately the simple offense of being under sentence and not reporting to serve it. There is, therefore, no "something more" about the fact of being under sentence that can serve to justify an increase in the punishment. Here, the increase our panel approves is, in actuality, for committing the crime itself. That is simply not how the Guidelines work.

## II

What the decision in this case erroneously permits, indeed requires, is impermissible "double counting" with respect to a particular offense. The panel's justification for its holding is that even though the "conduct which gives rise to ... [the] enhancement[ ] is also a *necessary element* of the offense," double counting is permissible because the enhancement and the base offense level "serve *unique purposes* under the Guidelines." *United States v. Parker*, 136 F.3d

ington, sitting by designation.

653, 655 (9th Cir.1998) (per curiam) (emphasis added). All punishment, however, serves more than one purpose, and those multiple purposes are always taken into account when the base sentence for a particular offense is determined. Only if there is an additional circumstance not considered in establishing the base sentence may the punishment be increased above the base—not simply because there are multiple reasons to impose punishment for the base offense.

We have repeatedly held that "[i]mpermissible double counting of an enhancement occurs if a guideline provision is used to increase punishment on account of a *harm already accounted for*" by the use of another guideline provision (such as the defendant's base offense level). *United States v. Calozza,* 125 F.3d 687, 691 (9th Cir.1997) (emphasis added); *accord United States v. Alexander,* 48 F.3d 1477, 1492 (9th Cir.1995) (impermissible double counting occurs "when 'one part of the Guidelines is applied to increase a defendant's punishment on account of *a kind of harm that has already been fully accounted for* by application of another part of the Guidelines'") (quoting *United States v. Reese,* 2 F.3d 870, 895 (9th Cir. 1993)) (emphasis added). "In practical terms," both Judges Kozinski and O'Scannlain have explained, "this means that impermissible double counting is to be found where one Guidelines provision 'is akin to a lesser included offense of another,' yet both are applied." *Reese,* 2 F.3d at 895 (quoting *United States v. Snider,* 976 F.2d 1249, 1252 (9th Cir.1992)). When a provision "is always a *necessary element* of" another provision, then it is akin to a lesser included offense. *Illinois v. Vitale,* 447 U.S. 410, 419–20, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) (emphasis added); *see also Brown v. Ohio,* 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (if establishing one offense *"necessarily has established"* another, then the second is a lesser included offense) (emphasis added).

The standard the panel applies, contrary to our uniform precedent, permits enhanced punishment without any separate harm, and it does so whenever the court can posit two different reasons for punishing the *same* harm. While this unfounded and unprecedented failure to follow our prior rule may not be a monumental event in the ultimate scheme of judicial affairs, there can be no question that the panel's decision is directly contrary to prior Ninth Circuit law. Not a single case previously has suggested that a double punishment for the same harm is permissible or that an essential element of the offense can serve as both an integral basis for the offense level determination and also as the sole and entire basis for an enhancement, by way of criminal history points or otherwise. Offense level determinations and criminal history enhancements always, by definition, serve "unique purposes" under the Guidelines—one measures the severity of criminal conduct; the other focuses on the characteristics of the defendant himself. So, too, do various forms of enhancement serve varying purposes. But, as the panel acknowledges, the enhancement here "is *also a necessary element* of the offense." *Parker,* 136 F.3d at 655 (emphasis added). That admission, under all of our prior law, should be the end of the discussion. To continue on, as the panel does, is to engage in impermissible double counting.

### III

Although almost one-quarter of the appeals we hear from our district courts are criminal appeals, and we affirm in over ninety-five percent of those cases,[1] it has been some two and one-half years since this court took a case en banc to reconsider one of our thousands of holdings denying a criminal defendant relief on direct appeal.[2] By failing to reconsider an opinion that is not only flatly inconsistent with several of our prece-

---

1. In 1997, 1571 of the 6787 appeals filed from district court decisions (23%) were from criminal convictions. *See* Administrative Office of the United States Courts, Statistical Tables for the Federal Judiciary at 10 (1997). 4.8% of the criminal cases terminated that same year were reversed. *See id.* at 13.

2. The last such case was *United States v. Annigoni,* 68 F.3d 279 (9th Cir.1995), which we took en banc on January 10, 1996.

dents but provides no analysis or justification for disregarding our previously simple and fair rule, we continue to neglect defendants' rights. It would not have taken much work to reaffirm the basic and previously unquestioned principle that under the Federal Sentencing Guidelines, a factor that is "necessarily included" in the base level sentence cannot also serve as the basis for an enhancement of that sentence. For reasons unexplained not only to the public but to the members of this court, a majority of active judges has declined to do so. I dissent.