**UNITED STATES of America,
Appellee,**

v.

**Kenneth Leon MEADER, Defendant,
Appellant.**

**No. 99–1536.**

United States Court of Appeals,
First Circuit.

Heard Oct. 8, 1999.

Decided Nov. 15, 1999.

Walter F. McKee, with whom Lipman & Katz, P.A. was on brief, for appellant.

F. Mark Terison, Senior Litigation Counsel, with whom Jay P. McCloskey, United States Attorney, was on brief, for appellee.

Before TORRUELLA, Chief Judge, LYNCH and LIPEZ, Circuit Judges.

LYNCH, Circuit Judge.

Kenneth Leon Meader appeals his sentence for conspiracy to commit escape in violation of 18 U.S.C. §§ 371 and 751. Meader pled nolo contendere to conspiracy to escape from the Kennebec County, Maine, jail where he was confined while

awaiting transfer to a federal facility to serve a sentence for drug offenses. Prior to sentencing, Meader first stated he wanted to plead guilty, but upon questioning by the court he repeatedly denied that he had intended to escape, and so a nolo plea was taken. He raises two basic issues on appeal.

In calculating Meader's criminal history category, the district court added two points under U.S.S.G. § 4A1.1(d) because Meader was imprisoned at the time he committed the offense, and the court added one point under § 4A1.1(e) because Meader committed the offense while serving a sentence that had produced more than one criminal history point. The district court did not grant Meader a three point reduction in the base offense level under U.S.S.G. § 2X1.1(b)(2) for an incomplete conspiracy.

Meader argues that increasing his criminal history category under § 4A1.1(d) and (e) constituted impermissible "double counting" because his being imprisoned when he committed conspiracy to escape is an element of that substantive offense contemplated in the base offense level. Secondly, Meader argues that the district court erred in failing to grant him a three point reduction for an incomplete conspiracy. We affirm the district court's rulings under § 4A1.1(d) and (e) in calculating Meader's criminal history category, and we remand the case for further proceedings on the question of Meader's eligibility under § 2X1.1(b)(2) for a three point reduction in the base offense level.

*"Double Counting"*

■ Meader's claim that the district court erred in increasing his criminal history category under § 4A1.1(d) and (e) is foreclosed by the logic of our decision in *United States v. Sanders,* 982 F.2d 4 (1st Cir.1992). *Sanders* held that augmenting both the defendant's base offense level and criminal history category based upon his possessing a weapon did not constitute impermissible double counting. *See id.* at 6–8. As in *Sanders,* this case does not involve impermissible or unintentional results, but rather an intent by the Guidelines to consider one factor in two ways. That Meader's claim involves the factor of imprisonment rather than possession of a firearm is of no consequence, nor does it matter that this case arises under § 4A1.1 rather than § 4B1.4 as in *Sanders.*

Meader relies on *United States v. Bell,* 716 F.Supp. 1207 (D.Minn.1989), which held that considering imprisonment under § 4A1.1(d) and (e) in an escape case results in impermissible double counting. *Sanders,* however, expressly disagreed with *Bell,* as have other courts of appeals. *See Sanders,* 982 F.2d at 8 (citing *United States v. Thomas,* 930 F.2d 12, 13–14 (8th Cir.1991) (collecting cases)). We reject *Bell*'s reasoning as well. "Because the guidelines are explicit when double counting is forbidden ... [a]n adjustment that clearly applies to the conduct of an offense must be imposed unless the Guidelines expressly exclude its applicability." *United States v. Ellen,* 961 F.2d 462, 468 (4th Cir.1992) (internal quotation marks and citations omitted). As we stated in *Sanders,* "[i]t is not our place to rewrite the Guidelines." *Sanders,* 982 F.2d at 8.

*Reduction for Incomplete Conspiracy*

■ The second issue is more problematic. Under § 2X1.1(b)(2), Meader may receive a three point reduction in base offense level unless he "completed all the acts ... necessary ... for the successful completion of the substantive offense or ... [was] about to complete all such acts...." *See United States v. Chapdelaine,* 989 F.2d 28, 35–36 (1st Cir.1993). The reduction should not be granted if the substantive offense was "substantially completed." *See* U.S.S.G. § 2X1.1 commentary (backg'd). The Presentence Report ("PSR") recommended that Meader be granted this three point reduction. The district court declined to follow this recommendation, but the record lacks an express finding on whether the conspiracy to escape had been completed. Consequently,

Meader claims that the district court erred in failing to award him the reduction.

At his sentencing hearing, Meader denied that the conspiracy to escape had been completed. Moreover, Meader had repeatedly claimed that he never intended to escape and that, instead, his goal was to defraud other inmates (in order to pay phone bills) by pretending he was going to escape and asking them for money to assist him. In response, the government argued that if Meader wished to continue to claim that he was only involved in a scheme to defraud, such a scheme to defraud had been completed, as Meader had succeeded in getting $300 from another inmate. The government may also have been led to discuss the issue in terms of a conspiracy to defraud by the fact that 18 U.S.C. § 371, one of the sections under which Meader was convicted, is titled "Conspiracy to commit offense or *to defraud* United States" (emphasis added). Most likely, it is this assertion by the government that caused the confusion as to the basis for the district court's ruling. The district court declined to award Meader a reduction for an incomplete conspiracy, stating, "Since the conspiracy *to defraud* was completed, no decrease is warranted pursuant to Guideline [§ ] 2X1, et al." (emphasis added). This statement is the problem, as the relevant inquiry is whether the conspiracy *to escape*—the "substantive offense" charged—had been completed. *See* U.S.S.G. § 2X1.1(b)(2).

The government counters with two points: that there is ample evidence to support a finding that the conspiracy to escape had been completed and that the district court inadvertently said "defraud" when it meant to say "escape." In any event, the government asserts, any error is harmless because Meader stays within the original sentencing range, with or without the three point reduction. Because we cannot say that the trial judge would have reached the same sentence within the range, we put aside the harmless error argument. Further, if we were confident that the court's statement was a mere slip of the tongue, it would certainly not have been clear error for the court to have concluded the conspiracy *to escape* was substantially completed. But we lack such confidence here where the government erroneously invited the court to look at this as a conspiracy to defraud and where the PSR recommended that the three point reduction be given on the basis that the conspiracy to escape was not substantially completed.

There should be greater clarity that the proper question was answered. The government's suggestion that we resolve this factual question gives insufficient weight to the predominant role of the trial judge in making the factual determinations that drive sentencing decisions. *See United States v. Tejada–Beltran*, 50 F.3d 105, 110–11 (1st Cir.1995).

Accordingly, we *affirm* the district court's decisions under § 4A1.1(d) and (e), and *remand* the case for proceedings consistent with this opinion as to Meader's eligibility for a three point reduction in base offense level under § 2X1.1(b)(2). So ordered.