**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gerald Dewayne NAHA, Defendant–
Appellant.**

No. 00–10051.

D.C. No. CR–99–00206–RCB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 2000.

Decided Jan. 3, 2001.

---

1. This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

**629**

Before SCHROEDER, Chief Judge, NOONAN and W. FLETCHER, Circuit Judges.

## MEMORANDUM [1]

Gerald Dewayne Naha was convicted of sexual abuse of a minor in violation of 18

U.S.C. §§ 1153, 2243(a). He appeals both his conviction and sentence.

■ He challenges his conviction on the ground that the district court erred in admitting a statement that Naha volunteered after being advised of his Miranda rights. The evidence that was admitted apparently was a statement made immediately after Naha said that he was going to get a lawyer. The comment concerning the lawyer was not admitted, because it was properly held inadmissible as an invocation of the right to counsel. Statements that follow such invocation, however, may be admitted; *see United States v. Valencia*, 773 F.2d 1037, 1041 (9th Cir.1985). We find no error in the district court's conclusion that the statements admitted were not part of the invocation of the right to counsel. Moreover, the statements admitted did not share the same indicia of culpability that renders a request for counsel inadmissible. *See U.S. v. Kallin*, 50 F.3d 689, 693 (9th Cir.1995) (as amended).

■ Naha challenges his sentence on the ground that the district court engaged in impermissible double counting under the U.S. Sentencing Guidelines by looking to the same conduct to increase the base offense level for use of force and also to enhance the sentence for having the victim under his "care, custody and control."

The district court's decision was not in error. The district court determined Naha's sentence by applying different portions of the guidelines to different aspects of Naha's conduct, which created independent harms. *See U.S. v. Parker*, 136 F.3d 653, 654 (9th Cir.1998) (per curiam) (holding that a court may apply different portions of the Guidelines to the same course

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of conduct when such conduct creates different harms).

AFFIRMED.

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36.3.