**UNITED STATES of America,**
**Appellee,**

v.

**Casmine Terrence ASKA, Defendant–**
**Appellant.**

**Docket No. 01–1613.**

United States Court of Appeals,
Second Circuit.

Argued: June 11, 2002.

Decided: Dec. 30, 2002.

Elan Gerstman (Robert J. Krakow, on the brief), New York, NY, for Defendant–Appellant.

Harry Sandick, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, David Raymond Lewis, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Before WALKER, Chief Judge,
MINER and CABRANES, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

This appeal presents an issue of first impression in the Second Circuit: whether in sentencing a defendant for failure to surrender to serve a previously imposed sentence, a district court engages in impermissible double counting by adding two criminal history points because the offense was committed while the defendant was under a criminal justice sentence, namely, the sentence for which he failed to surrender. We conclude that although it is double counting to increase a defendant's criminal history points because he was under a sentence when he failed to surrender to serve that sentence, it is not *impermissible* double counting because the language of the Guidelines and the Sentencing Commission's actions make clear that the Sentencing Commission intended the provision to apply in this case. Accordingly, we affirm the sentence imposed by the district court.

## BACKGROUND

In March 2000, defendant-appellant Casmine Terrence Aska was convicted, following his guilty plea, of passport fraud and was sentenced principally to four months' imprisonment by the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*). The district court ordered Aska to surrender to serve his sentence on September 29, 2000, but he failed to do so. Aska was subsequently arrested and, in April 2001, he was indicted for the crime of failing to report for sentence, in violation of 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(ii). Aska pleaded guilty to this crime before the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *District Judge*). In determining sentence, Judge Buchwald found that Aska's total offense level was nine, after applying a two-level reduction for acceptance of responsibility to a base offense level of 11, as provided by § 2J1.6(a)(1) of the U.S. Sentencing Guidelines Manual (the "Guidelines" or "U.S.S.G."), the provision that applies to failure to surrender for sentence. Judge Buchwald then found that Aska belonged in Criminal History Category IV based on seven criminal history points: three for a 1996 state court assault conviction, two for the March 2000 passport fraud conviction, and two because Aska's offense of failing to surrender for sentence occurred while he was on the equivalent of escape status from a criminal justice sentence (the four-month sentence imposed for passport fraud for which Aska failed to surrender), as provided by U.S.S.G. § 4A1.1(d). Judge Buchwald then sentenced Aska to 15 months' imprisonment, the middle of the resulting guidelines range.

## DISCUSSION

■ On appeal, Aska argues that the district court engaged in impermissible double counting by adding two criminal history points under U.S.S.G. § 4A1.1(d) on the ground that his crime of failing to surrender was committed while under a criminal justice sentence, the precise conduct underlying his base offense level. We review the district court's interpretation of the guidelines *de novo*. *See United States v. Pedragh*, 225 F.3d 240, 242 (2d Cir. 2000).

Section 2J1.6(a)(1) of the Guidelines provides a base offense level of 11 for committing the crime of failure to surrender to serve a sentence. A companion provision, U.S.S.G. § 2J1.6(a)(2), establishes the base offense level for failure to appear in any other context, such as for trial or sentencing.

Section 4A1.1 of the Guidelines is the section that prescribes a defendant's criminal history points, which in turn results in the assignment of a Criminal History Category from I to VI. Under § 4A1.1(a)-(c), points for the sentence for the underlying crime for which a defendant failed to surrender are added to the criminal history category. *See* U.S.S.G. § 4A1.1(a)-(c) and application note 1. Section 4A1.1(d) provides:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

The commentary to § 4A1.1(d) states, in relevant part:

> Two points are added if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of imprisonment is to be treated as an escape from such sentence. *See* § 4A1.2(n).

Section 4A1.2(n) provides:

> *Failure to Report for Service of Sentence of Imprisonment* For the purposes of § 4A1.1(d) ..., failure to report for service of a sentence of imprisonment shall be treated as an escape from such sentence.

■ Aska contends that application of § 4A1.1(d) to increase his criminal history points constitutes impermissible double counting because the base offense level provided by § 2J1.6 necessarily takes into consideration the fact that he committed the instant offense while under a criminal justice sentence because that sentence is a necessary element of the crime of failure to surrender. Therefore, the application of § 4A1.1(d) to enhance his criminal history punishes him a second time for the failure to surrender. Put succinctly, he argues that he is being punished for failing to surrender while failing to surrender. The district court rejected this argument, relying principally on the fact that § 4A1.1(d) of the Guidelines requires the addition of two criminal history points if the current offense was committed while the defendant was on escape status, and both the commentary to § 4A1.1(d) and U.S.S.G. § 4A1.2(n) explicitly equate failure to surrender for sentence with escape.

Although the Second Circuit has never addressed the application of § 4A1.1(d) to a failure to surrender case, four other circuits have found that the provision applies to a failure to surrender. *See United States v. Parker*, 136 F.3d 653, 654–55 (9th Cir.1998) (*per curiam*); *United States v. Burnett*, 952 F.2d 187, 188–89 (8th Cir. 1991); *United States v. Martinez*, 931 F.2d 851, 852–53 (11th Cir.1991); *United States v. Lewis*, 900 F.2d 877, 879–81 (6th Cir. 1990).

In addition, every circuit to consider the question has found the § 4A1.1(d) enhancement to be applicable in the analogous situation of a defendant being sentenced for escaping from imprisonment. *See United States v. Meader*, 195 F.3d 66, 67 (1st Cir.1999); *United States v. Thomas*, 930 F.2d 12, 14 (8th Cir.1991); *United States v. Goolsby*, 908 F.2d 861, 862–63 (11th Cir.1990) (*per curiam*); *United*

*States v. Jimenez*, 897 F.2d 286, 287–88 (7th Cir.1990); *United States v. Carroll*, 893 F.2d 1502, 1509–11 (6th Cir.1990); *United States v. Vickers*, 891 F.2d 86, 87–88 (5th Cir.1989) (*per curiam*); *United States v. Wright*, 891 F.2d 209, 211–12 (9th Cir.1989); *United States v. Goldbaum*, 879 F.2d 811, 812–14 (10th Cir.1989); *United States v. Ofchinick*, 877 F.2d 251, 255–56 (3d Cir.1989).

These courts have provided several reasons why the increase in criminal history points is appropriate in cases involving escape or a failure to surrender. Some, employing principles of statutory interpretation, have found that the Guidelines, by their clear language, require the application of § 4A1.1(d) to escape or failure-to-surrender convictions, or that the failure of the Sentencing Commission to express an exception—where it has explicitly done so in other contexts—indicates that no exception should be implied. *See, e.g., Meader*, 195 F.3d at 67; *Burnett*, 952 F.2d at 189; *Martinez*, 931 F.2d at 852; *Goolsby*, 908 F.2d at 863; *Lewis*, 900 F.2d at 881; *Jimenez*, 897 F.2d at 287–88; *Carroll*, 893 F.2d at 1510; *Vickers*, 891 F.2d at 88; *Goldbaum*, 879 F.2d at 813–14; *Ofchinick*, 877 F.2d at 256–57.

To further support the finding that the Sentencing Commission intended § 4A1.1(d) to apply in the escape context, some courts have cited to an early publication entitled "Questions Most Frequently Asked About the Sentencing Guidelines" (the "FAQs"), in which the Sentencing Commission stated that the enhancement should apply to cases involving escape. *See, e.g., Goolsby*, 908 F.2d at 863; *Jimenez*, 897 F.2d at 288; *Carroll*, 893 F.2d at 1510 & n. 3; *Wright*, 891 F.2d at 211. We note that although the FAQs did not address whether the enhancement should apply to a failure to surrender, the Sentencing Commission's subsequent amendment of the commentary to § 4A1.1(d) and the text of § 4A1.2(n) to establish that a failure to surrender for sentence is to be treated as an escape from that sentence indicates that the Sentencing Commission also intended § 4A1.1(d) to apply to sentences for failure to surrender.

Finally, several courts have observed that the Guidelines' determination of offense level and criminal history category serve different purposes (gauging the seriousness of the crime versus increasing punishment based on the likelihood of recidivism), and thus consideration of the same factor in each category is permissible. *See, e.g., Meader*, 195 F.3d at 67; *Parker*, 136 F.3d at 654–55; *Martinez*, 931 F.2d at 852 n. 2; *Goolsby*, 908 F.2d at 863.

We find the foregoing reasoning to be both persuasive and consistent with Second Circuit law. We have held that it is within the Sentencing Commission's and Congress's prerogative to adopt double counting if it chooses. *See Pedragh*, 225 F.3d at 247; *United States v. Torres-Echavarria*, 129 F.3d 692, 699 (2d Cir. 1997) (noting that "[i]mpermissible 'double counting' is the *judicial* augmentation of a defendant's sentence in contravention of the applicable" guidelines but that "[w]ith very few limitations, Congress is free to prescribe any sentence that in its view reflects the seriousness of the underlying offense and the characteristics of the offender.") (emphasis in original); *see also United States v. Campbell*, 967 F.2d 20, 24–25 (2d Cir.1992) (holding that double counting is permissible if a single factor is relevant to two sentencing dimensions such as the wrongfulness of the offense and recidivism). Here, the Sentencing Commission's intention that the enhancement should apply is demonstrated by: (1) the unmistakable language of the Guidelines, which makes no exception for failure-to-report cases under § 4A1.1(d); (2) the

Sentencing Commission's statement in its response to FAQs that § 4A1.1(d) applies to escape cases; and (3) the Guidelines' explanation in § 4A1.2(n) and the § 4A1.1(d) commentary that failure to report for sentence is to be treated as an escape from that sentence.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.