**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Stephen MORAN, Defendant–Appellant.**

**Docket No. 02–1337.**

United States Court of Appeals,
Second Circuit.

Oct. 31, 2003.

Theodore W. Robinson, Law Offices of Theodore W. Robinson, Mineola, New York, for Appellant.

Joseph Conway, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; Susan Corkery, Assistant United States Attorney, on the brief), Brooklyn, New York, for Appellee.

PRESENT: FEINBERG, KEARSE, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Stephen Moran, who on June 6, 2001, pleaded guilty to conspiracy to distribute and possess with intent to distribute marijuana, *see* 21 U.S.C. §§ 841, 846, and conspiracy to launder drug proceeds, 18 U.S.C. § 1956, now appeals from that part of his judgment of conviction sentencing him to 72 months' incarceration. The sentence represents a considerable substantial assistance departure, *see* U.S.S.G. § 5K1.1, from the 262–327 month Sentencing Guideline range dictated by Moran's total offense level of 34 and his criminal history category of VI. Nevertheless, Moran argues that he would

have received an even greater sentencing reduction had the district court not penalized him for the leniency it had shown to his wife, Karen Heron.

A defendant may not appeal a district court's discretionary decision as to the extent of a downward departure except for a violation of law or misapplication of the Sentencing Guidelines. 18 U.S.C. §§ 3742(a)(1)-(3); *United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.1998); *United States v. Lawal*, 17 F.3d 560, 562–63 (2d Cir.1994). To the extent Moran now argues that the district court violated the law in his case by reducing the extent of his guideline departure by the amount of sentencing consideration given his spouse, we preliminarily note that this argument was never raised in the district court and, thus, would generally be reviewed on appeal only for plain error. *See United States v. Gordon*, 291 F.3d 181, 190–91 (2d Cir.2002). Moran cannot demonstrate plain error because the record belies his claim.

To support his argument, Moran points to two remarks made by the district court at Ms. Heron's sentencing. First, in response to a vigorous government argument for leniency, the district court offered an extreme characterization of the government position: "[Y]ou say he was the one that was responsible for arranging for that money to fall into her lap and it's his responsibility not hers.... You're really saying when Mr. Moran comes in for sentencing I just add 36 months to his guideline." Heron Sentencing Trans., Apr. 25, 2002 at 6. At no time did the court ever indicate that it was itself inclined to follow such a course of action. In any event, the government clarified that it was not urging a sentencing enhancement for Mr. Moran to balance consideration given to his wife.

Second, in sentencing Ms. Heron to the five months she had already served, the

district court noted, "I'm not going to ... require any further incarceration. But I am going to take this into consideration when I sentence your husband. You might as well know. 37 month sentence, I don't normally ignore." *Id.* at 9. Moran's own sentencing minutes, however, make plain that what the court took into "consideration" in fashioning his departure was not the extent of the reduction given his wife, but the extent to which Moran's "participation" in her criminal conduct indicated his more culpable role in the conspiracy and his risk of recidivism. Moran Sentencing Trans., Apr. 29, 2002 at 18.

Moran's criminal history of VI, the highest established by the guidelines, already indicated a serious recidivism problem, *see generally United States v. Aska,* 314 F.3d 75, 77 (2d Cir.2002), which the district court noted in explaining its decision to sentence Moran more severely than co-conspirator Russell Briante: "I have to give him slightly more than the last defendant because of his record...." Moran Sentencing Trans. at 18. Moran's participation in his wife's conduct properly aggravated this concern because it revealed that incarceration had not deterred Moran from criminal activity. To the contrary, Moran was so determined to continue to profit from drug trafficking that he was willing to jeopardize his wife's freedom and to risk leaving their infant child with neither parent's care. Despite these concerns, however, the district court acknowledged Moran's substantial assistance to the prosecution and sentenced him to only six years in jail, a fifteen-year reduction from his Sentencing Guidelines range.

Moran having failed to show that this reduction was in violation of law, we hereby AFFIRM the judgment of conviction.