**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ricardo Guillermo CARVAJAL–OSORIO, Defendant–Appellant.**

**No. 05–10522.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Sept. 24, 2007.*

Filed Oct. 1, 2007.

Tracy A. Hino, Asst. U.S. Atty., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff-Appellee.

Donna M. Gray, AFPD, Federal Public Defender's Office, Honolulu, HI, for Defendant-Appellant.

Appeal from the United States District Court for the District of Hawaii, Susan Oki Mollway, District Judge, Presiding. D.C. No. CR–04–00370–SOM.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Ricardo Guillermo Carvajal–Osorio appeals from the 57–month sentence imposed following his guilty-plea conviction for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.

Carvajal–Osorio's contention regarding the continuing validity of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), as well as his contention that the district court erred by enhancing his sentence under 8 U.S.C. § 1326(b) based on non-jury fact-finding regarding his prior conviction are both foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005); *United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir.2004) (order).

Carvajal–Osorio next contends that the district court impermissibly double counted his prior conviction in order to increase his sentence. We disagree.

■ We have previously determined that using a prior conviction as a basis for a sentencing enhancement and in calculating a defendant's criminal history score is not impermissible double counting. *See United States v. Luna–Herrera,* 149 F.3d 1054, 1055–56 (9th Cir.1998); *see also United States v. Blanco–Gallegos,* 188 F.3d 1072, 1076 (9th Cir.1999) (stating that it was not error for the district court to increase an offense level by 16 levels, pursuant to 8 U.S.C. § 1326(b)(2), based on a conviction for possession of a controlled substance for sale and also be given three

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

criminal history points for that same conviction); *United States v. Parker,* 136 F.3d 653, 654–55 (9th Cir.1998).

 Finally, we determine that the 57–month sentence is reasonable. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006); *see also United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006) (stating that the district court is not required to address every section 3553 factor).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED.**

