**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Michael SALAZAR,**
**Defendant–Appellant.**

**No. 08–50120.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2009.*

Filed June 8, 2009.

Rasha Gerges, Michael J. Raphael, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Pedro V. Castillo, Gia Kim, FPDCA – Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

R.App. P. 34(a)(2).

Before RYMER and GRABER, Circuit Judges, and ALDRICH,** District Judge.

## MEMORANDUM ***

Defendant Robert Michael Salazar appeals his conviction under 18 U.S.C. § 1791(a) for possession of a prohibited object by an inmate. He also appeals the resulting sentence of 33 months' imprisonment. We affirm.

We review Defendant's challenge to the sufficiency of the evidence for miscarriage of justice only. *United States v. Quintana–Torres,* 235 F.3d 1197, 1199 (9th Cir. 2000). Before the district court, Defendant challenged the sufficiency of the evidence on factual grounds only; on appeal, he challenges the sufficiency of the evidence on legal grounds—his view that the term "inmate" has a "special meaning" under § 1791(a).[1] "This ground was not advanced when he made his motion for acquittal on one specified ground. The objection now advanced was waived[, unless] review is necessary to prevent a manifest miscarriage of justice." *Id.* (citation omitted); *see also United States v. Suarez–Rosario,* 237 F.3d 1164, 1167 (9th Cir. 2001) ("A district court is afforded wide discretion in determining whether to allow the government to reopen and introduce evidence after it has rested its case. One purpose of Rule 29 motions is to alert the court to omitted proof so that, if it so chooses, it can allow the government to submit additional evidence." (citation omitted)). Because Defendant was in fact an inmate, there is no miscarriage of justice here.

Despite Defendant's assertions to the contrary, his argument that the district court's imposition of three criminal history points under U.S.S.G. § 4A1.1(d) and (e) constituted impermissible double counting is foreclosed by *United States v. Parker,* 136 F.3d 653, 654–55 (9th Cir.1998) (per curiam).

**AFFIRMED.**

---

** The Honorable Ann Aldrich, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. To the extent that Defendant also challenges the sufficiency of the evidence on the same ground advanced before the district court, we review de novo. *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). We hold that the district court properly denied Defendant's motion. Several prison officers testified that they observed Defendant as an inmate and referred to Defendant as an "inmate." Sufficient evidence permitted conviction. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (stating the standard).