12-4222-cr
United States v. Lynch

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand thirteen.

PRESENT:

ROSEMARY S. POOLER,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
    *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee*,

            v.                              No. 12-4222-cr

GREGORY LYNCH,

    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:            STEPHANIE M. CARVLIN, New York, New York.

FOR APPELLEE:             RAHUL KALE (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, for David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Gregory Lynch appeals from a twelve-month sentence of incarceration that the United States District Court for the District of Connecticut (Chatigny, *J.*) imposed after Lynch pled guilty to one count of escape, in violation of 18 U.S.C. § 751.[1] He challenges only the procedural reasonableness of that sentence, for which we apply "a particularly deferential form of abuse-of-discretion review." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) (internal quotation marks omitted).[2] In conducting that review here, we assume the parties' familiarity with the underlying facts, history, and issues presented.

Pursuant to sections 2P1.1(a)(1) and (b)(3) of the United States Sentencing Guidelines (the "Guidelines"), the district court found that Lynch's base offense level was thirteen, which was reduced by four levels because Lynch left non-secure custody. The district court further reduced Lynch's offense level by two levels for acceptance of responsibility, pursuant to section 3E1.1(a) of the Guidelines, which yielded a total offense level of seven. Based on Lynch's prior convictions, the district court found that Lynch had eight criminal history points, and then added two incremental points for having committed the instant offense while serving another sentence, pursuant to section 4A1.1(d) of the Guidelines. This yielded a total of ten criminal history points,

---

[1] In a separate opinion issued today, we address Lynch's appeal of the district court's denial of his motion to dismiss the indictment for a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174.

[2] "A district court commits procedural error . . . by failing to calculate the Guidelines range or by making a mistake in its Guidelines calculation; by treating the Guidelines as mandatory; by failing to consider the section 3553(a) factors; or by resting its sentence on a clearly erroneous finding of fact." *United States v. Preacely*, 628 F.3d 72, 79 (2d Cir. 2010).

which placed Lynch in Criminal History Category V. The Guidelines provide that a defendant in Criminal History Category V with an offense level of seven is subject to an advisory incarceration range of twelve to eighteen months. The district court imposed a sentence of twelve months, at the bottom of Lynch's Guidelines range.

Lynch contends that the district court engaged in impermissible "double counting" by applying section 4A1.1(d) because the base offense level provided by section 2P1.1 already takes into consideration the fact that he committed the instant offense – escape – while serving another criminal justice sentence. Section 4A1.1(d) of the Guidelines provides that a court is to "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." (emphasis omitted). The application note for section 4A1.1(d) further provides that "[f]ailure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence." *Id.* § 4A1.1 cmt. 4; *see also id.* § 4A1.2(n). Lynch's argument is thus foreclosed by both the Guidelines themselves and our holding in *United States v. Aska*, in which we considered and rejected nearly the same claim. 314 F.3d 75, 77-78 (2d Cir. 2002).

Lynch also asserts that the district court erred by treating the Guidelines as presumptively reasonable. However, during the sentencing, the district court discussed the advisory nature of the Guidelines at several junctures, conducted an independent review of the factors provided by 18 U.S.C. § 3553(a), and concluded that there were no "aspects to [Lynch's] history and characteristics that warrant a sentence above or below the [Guidelines] range." The district court also credited Lynch's argument that his escape was not well-planned before imposing a sentence at the very bottom of Lynch's Guidelines range, even as the Government advocated for an

3

above-Guidelines sentence. On this record, we can discern no procedural error on the part of the district court.

We have considered all of Lynch's remaining arguments and found each of them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4