12-4471-cr
United States v. Dean George Birdsall

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand and thirteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

———————————————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 12-4471-cr

DEAN GEORGE BIRDSALL,

> *Defendant–Appellant*.

———————————————————————————————————

| | |
|---|---|
| FOR APPELLANT: | Mark D. Hosken, Assistant Federal Public Defender, Rochester, NY (Jay S. Ovsiovitch, Rochester, NY, *on the brief*). |
| FOR APPELLEE: | Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York. |

———————————————————————————————————

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant–Appellant Dean George Birdsall appeals from a judgment of conviction entered October 31, 2012, after he pled guilty to one count of failing to register in violation of the Sexual Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). On appeal, Birdsall raises the single issue of whether the district court engaged in impermissible double-counting when it assessed criminal history points both under U.S.S.G. § 4A1.1(a) for a prior conviction resulting in a sentence of over one year and one month and under § 4A1.1(d) for the fact that the instant offense was committed while he was on escape status. We assume the parties' familiarity with the facts and procedural history of the case.

Birdsall, who had been convicted and sentenced to state prison in 1994, was released in 2007. As a condition of release, he was to live in a half-way home. He did not report and instead fled to New York. He was declared delinquent and later indicted and convicted in Ohio for his crime of escape. After escaping, he took up residence in New York and did not register there as a sex offender as required by SORNA.

On imposing this sentence for the crime of failing to register, the district court, pursuant to § 2A3.5(a)(1), found that Birdsall's base offense level was 16. Because Birdsall pled guilty, the court reduced the offense level by three levels pursuant to § 3E1.1, which yielded a total offense level of 13.

In computing Birdsall's criminal history category, the district court assessed three points under § 4A1.1(a) for a "prior sentence of imprisonment exceeding one year and one month" (on

2

his escape conviction) and added two points pursuant to § 4A1.1(d) because Birdsall committed the instant offense (of failing to register) while under a criminal justice sentence—in that he was on escape status. These calculations placed Birdsall in Criminal History Category IV. At Criminal History Category IV with an offense level of 13, Birdsall was subject to an advisory incarceration range of twenty-four to thirty months. The district court imposed a sentence of twenty-four months, at the bottom of the range. Birdsall argues that his sentence was procedurally unreasonable because the district court engaged in impermissible double counting by applying § 4A1.1(d) to the instant offense to assess two additional points for being on escape status when the Guidelines had already added three points for the escape conviction under § 4A1.1(a). We are not persuaded.

First, we see no double counting. Section 4A1.1(a) instructs the court to add three points for each prior sentence exceeding one year and one month, whereas § 4A1.1(d) instructs the court to "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The two additions to his criminal history score were because of different occurrences at different times and places. One addition of points was for his crime of escape, which he committed on or about Mach 10, 2008 in Ohio by failing to report to the Ohio halfway house. The second addition of points was for being under a criminal sentence when he committed another crime on or about August 26, 2010 in Monroe County, New York, of failing to register under SORNA.

Second, even if this were deemed double counting, "it is within the Sentencing Commission's and Congress's prerogative to adopt double counting if it chooses." *United States v. Aska*, 314 F.3d 75, 78 (2d Cir. 2002) (citations omitted). There can be no doubt that the

Commission intended both adjustments to apply in the circumstances of this case. The two adjustments serve different purposes. The first was intended to punish recidivists more heavily. The second, which by definition could be imposed only on recidivists, was intended to impose an extra heavy punishment for those who exhibit still further contempt for the law by committing new crimes during the very time they are under sentence.

We have considered Birdsall's remaining arguments and find them to be without merit. For these reasons, we **AFFIRM** the October 31, 2012 judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4