[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12991
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00121-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER JACOB RANKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 4, 2019)

Before WILSON, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Between his sentencing for tax fraud and his self-surrender date to serve

time for that offense, Christopher Jacob Rankins lied to a gun dealer about his

criminal history.  The district court assessed two criminal history points because it

determined that Rankins committed the lying-to-a-gun-dealer offense "while under any criminal justice sentence." Because our precedent makes clear that a person who has been sentenced is "under" a criminal justice sentence—even if he has not yet begun to serve it—we affirm.

I.

On November 3, 2017, the U.S. District Court for the Northern District of Florida sentenced Rankins for twelve counts of tax fraud and set a self-surrender date of January 3, 2018. On November 5—after Rankins had been sentenced, but before his self-surrender date to begin serving that sentence—Rankins attempted to purchase a pistol from a firearms dealer in Pensacola. In doing so, he falsely represented that he had never been convicted of a felony. Rankins was rearrested and ultimately pled guilty to one count of making a false statement to a firearms dealer.

In calculating the Guidelines range for Rankins's second offense, the district court—over Rankins's objection—assessed two criminal history points under U.S.S.G. § 4A1.1(d), which applies "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." This bumped his Guidelines range from 12–18 months' to 15–21 months' imprisonment. The district court sentenced Rankins to 10 months' imprisonment, and Rankins now

argues that his sentence was procedurally unreasonable because the district court erred in concluding he was "under any criminal justice sentence" during his period of release between sentencing and his self-surrender date.

## II.

We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Ellis*, 419 F.3d 1189, 1192 (11th Cir. 2005).

## III.

Although our review of the district court's decision is de novo, our review of the guideline at issue is not. Our analysis here is controlled by our decision in *United States v. Martinez*, 931 F.2d 851 (11th Cir. 1991).

In *Martinez*, the defendant was sentenced to eight years' imprisonment for conspiracy to distribute cocaine and was released pending his self-surrender date. He absconded, and after being recaptured over two years later, he pled guilty to failure to surrender for service. The district court assessed two criminal history points under U.S.S.G. § 4A1.1(d), and we affirmed because we concluded that the defendant "was 'under [a] criminal justice sentence' from the time he was sentenced by the district court, regardless of when he was expected to begin serving that sentence." 931 F.2d at 852–53.

Rankins contends that our rule statement in *Martinez* was dicta because Martinez's failure to surrender for service was a continuing offense that stretched

beyond his self-surrender date—that is, beyond the date on which (according to Rankins) Martinez was placed "under" his "criminal justice sentence." It is true that we are bound only by prior *holdings*, and "not the reasoning behind the holding." *United States v. Murphy*, 306 F.3d 1087, 1090 (11th Cir. 2002). But we have twice characterized *Martinez*'s rule statement as the holding of that case. *See United States v. Phillips*, 413 F.3d 1288, 1292 n.4 (11th Cir. 2005); *United States v. Rayborn*, 957 F.2d 841, 844–45 (11th Cir. 1992). A number of our sister circuits have done the same. *See, e.g.*, *United States v. Damon*, 127 F.3d 139, 147 (1st Cir. 1997); *United States v. Kipp*, 10 F.3d 1463, 1467 n.3 (9th Cir. 1993). We follow that approach again today.

Rankins raises textual arguments that would merit careful consideration in a case of first impression. But this is not such a case, and we are not free to disregard our precedent. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). Following the path that *Martinez* marked and *Phillips* and *Rayborn* tracked, we conclude that Rankins was "under" his sentence for tax fraud when he lied to a gun dealer about it.

**AFFIRMED.**