**UNITED STATES of America,**
**Appellant,**

v.

**Susan GODDING, Defendant–Appellee.**

**Docket No. 04–3643–CR.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 18, 2005.

Decided April 19, 2005.

John A. Danaher III, Assistant United States Attorney, Office of United States Attorney for the District of Connecticut, Hartford, CT (Kevin J. O'Connor, United States Attorney, Sandra S. Glover, Assistant United States Attorney, of counsel), for Appellant.

Charles F. Willson, East Hartford, CT (Nevins & Nevins LLP, of counsel), for Defendant–Appellee.

Before OAKES, KEARSE and SACK, Circuit Judges.

PER CURIAM.

The government appeals the sentence imposed upon Susan Godding by the United States District Court for the District of Connecticut, Peter C. Dorsey, *Judge*, of one day's imprisonment and five years' supervised release, with the special conditions that Godding spend six months in home confinement and pay full restitution. Godding pleaded guilty to embezzling, over a five-year period, nearly $366,000 from her employer, the National Iron Bank, in violation of 18 U.S.C. § 656. Upon considering the pre-sentence report Guidelines calculations, the district court departed seven offense levels—from a level 17 to a level 10, in zone B—and Godding thus avoided a sentence within the original Guidelines range of 24 to 30 months' imprisonment.

The government initially argued in its appellate briefs that each of the individual grounds cited for departure was unsupported by the record and that the grounds could not be combined to justify a departure under U.S.S.G. § 5K2.0, which permits departure for factors not otherwise adequately taken into consideration by the Guidelines. Prior to oral argument, the government moved for a limited remand in light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's recent decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Pursuant to *Crosby*, it is clear that the district court committed error by

treating the U.S. Sentencing Guidelines as mandatory. The government recognized that while it was unlikely that the district court would have issued a more severe sentence had it possessed, *ab initio,* the greater flexibility afforded by *Booker,* a limited remand would be appropriate to give the district court the opportunity to re-evaluate the sentence with appropriate attention to the provisions of 18 U.S.C. § 3553(a), and to state in open court, and in writing, the reasons why a sentence outside the calculated Guidelines range adheres to those provisions.

Although the government's motion also requested a stay of oral argument pending resolution of the remand, we held the motion in order to give the parties the opportunity to make their points at oral argument. Having heard the parties, we now remand the case to the district court for further proceedings in conformity with *Crosby.*

We note that while the principles discussed in *Crosby* "change the Guidelines from being mandatory to being advisory," we have admonished district courts to bear in mind

> that *Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge.... On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to "consider" the Guidelines and all of the other factors listed in section 3553(a).

397 F.3d at 113–14. While the district court must be allowed to consider whether it intends to re-sentence the defendant in light of the new regime, it mentioned an issue during the course of the sentencing hearings below that raises our concern.

At the May 24, 2004, sentencing hearing for Godding, the district court stated the following:

> The easiest thing in the world would be to simply focus on the theft and the amount of theft, and impose a period of incarceration. That's the simplistic view.
>
> I think the following factors are to be considered, and for the reasons that I will indicate, I think that they are, on balance, favorable to the question of departure, but each one of them, in and of itself, is not an absolutely clear qualification under any articulation of grounds for departure, all of which demonstrates why attempting through the guidelines to categorically reduce an individual to a particular point in the guideline grid, is just simply not possible, and therefore it is fallacious, in my view, to contemplate that justice, from the point of view of the defendant and the community, can be done by some formularistic (phonetic) approach.

The district court then proceeded to discuss the several factors which, taken together, presented grounds for departure. In so doing, the district court made several remarks regarding the bank's failure to maintain internal controls that would have detected and prevented pilferage such as Godding's over an extended period of time. While the court noted that it was not considering the bank's failure in this regard as a factor relevant to a departure, and that it did not consider it a factor in sentencing, it expressed its view that the significance of the pilferage could be attributed to the bank's failure to act sooner.

We are most troubled by the district court's mention of the bank's failure to detect and prevent the embezzlement. While the court expressly stated that it did not rely on this factor in sentencing, we note that consideration of such a factor

and the conclusion that it, and not the defendant's volitional acts, rendered the sum embezzled in this case more significant than it otherwise would have been, would lead us to question the reasonableness of a non-guidelines sentence. Godding embezzled a significant sum and we do not think a district court could properly discount Godding's responsibility for the amount by referring to the bank's failure to check the crime. Furthermore, we are more broadly concerned that the brevity of the term of imprisonment imposed by this sentence does not reflect the magnitude of the theft of nearly $366,000 over a five-year period.

Section 3553(a) requires a court to consider, among other things, the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A) (2004). On any appeal taken following this remand, the sentence imposed by the district court below, or any new sentence imposed, will be reviewed, in accordance with *United States v. Booker,* for "reasonableness." *See* 125 S.Ct. at 765–66.

That said, the case is hereby REMANDED to the district court for further proceedings in conformity with *Crosby.*