

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2005

# USA v. Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Gonzalez" (2005). *2005 Decisions.* Paper 993.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/993

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1129

UNITED STATES OF AMERICA

v.

JULIAN GONZALEZ,
a/k/a PETE

Julian Gonzalez,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00545-2
(Honorable John R. Padova)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2004
Before:  SCIRICA, *Chief Judge*, McKEE and CHERTOFF[*], *Circuit Judges*

(Filed June 20, 2005)

OPINION OF THE COURT

_____

[*]This case was submitted to the panel of Scirica, *Chief Judge*, McKee and Chertoff, *Circuit Judges*.  Judge Chertoff resigned after submission, but before the filing of the opinion.  The decision is filed by a quorum of the panel.  28 U.S.C. § 46(d).

SCIRICA, *Chief Judge*.

Appellant Julian Gonzalez pled guilty to conspiracy to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846; illegal use of a communication facility in violation of 21 U.S.C. § 843, distribution of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), § (b)(1)(C), and § 2; and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § (b)(1)(A). Gonzalez's convictions arose from an interstate cocaine distribution ring and trafficking activities spanning several years. Co-defendant Hassan Morrison also pled guilty, and co-defendant Donald Berry was convicted following a jury trial.

The District Court sentenced Gonzalez to 110 months imprisonment, five years of supervised release, and a $3,000 fine. Gonzalez challenges his sentence, but does not challenge his conviction. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

In his opening brief, filed June 9, 2003, appellant challenged his sentence on the basis that the District Court erred when it denied his request for a one point downward departure for acceptance of responsibility. On December 29, 2004, we informed counsel for both parties that the case was being held c.a.v. pending decision by the United States Supreme Court in *Booker* and *Fanfan*. On February 16, 2005– following the Supreme Court's decision in *United States v. Booker*, 543 U.S. - -, 125 S. Ct. 738 (2005)– we directed appellant to comment on the applicability of *Booker* to his case, and to state

2

whether he wished to challenge his sentence under *Booker*. Appellant did not respond. Accordingly, we review Gonzalez's sentence for reasonableness, guided by the sentencing factors listed in 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 765-67. Although the Guidelines are no longer mandatory, we nonetheless begin our sentencing review with consideration of the applicable Guidelines range.

Gonzalez faced a mandatory minimum sentence of 120 months on the drug conviction, but he was eligible to benefit from the safety valve which permits a sentence below the mandatory minimum. *See* 8 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. He satisfied the five statutory criteria for the safety valve because he had no prior offenses, his crime did not involve violence or a firearm, no one was killed or seriously injured, he did not play a leading role, and the government agreed that he had made a truthful proffer of all the information he had about the drug conspiracy. 18 U.S.C. § 3553(f).

The large quantity of cocaine attributed to Gonzalez resulted in a base offense level of 34. *See* U.S.S.G. § 2D1.1. Under U.S.S.G. § 2D1.1(b)(7), Gonzalez was entitled to a two-point reduction in his offense level for satisfaction of the safety valve criteria. Gonzalez was also entitled to a two point reduction in offense level for acceptance of responsibility under U.S.S.G. 3E1.1(a). Gonzalez had no criminal history points, thus his criminal history category was I. An offense level of 30 and a criminal history category of I yields a sentencing range of 97-120 months. Gonzalez received a sentence of 110 months.

Gonzalez's sole challenge to his sentence involves the District Court's failure to reduce his offense level by one additional point under section 3E1.1(b).

Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level decrease in the offense level where "defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). An additional one-level decrease is available under subsection (b):

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

*Id.* § 3E1.1(b).

The District Court denied Gonzalez's request for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b) for timely acceptance of responsibility, reasoning as follows:

> Taking in consideration all of the circumstances, Mr. Gonzalez, I am going to overrule the objection– your objection. Your plea did come the day of trial. The extra point is awarded under circumstances where acceptance of responsibility is timely and ordinarily those circumstances call for full acceptance of responsibility prior to the Government preparing for trial. There was a contested suppression hearing, you testified at the suppression hearing, and your testimony would be inconsistent, in the judgment of this Court, with full and timely acceptance of responsibility and, given all of the circumstances, I do overrule the objection.

Sentencing Hearing, Dec. 12, 2002.

4

We have carefully examined the record and find no error in the District Court's findings. The commentary to Section 3E1.1 makes clear that the additional one-point reduction should be awarded only where the defendant's guilty plea permitted the government to avoid lengthy and unnecessary trial preparation:

> The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

U.S.S.G. § 3E1.1, commentary n.6 (2003).

Gonzalez did not enter his guilty plea "particularly early in the case." Rather, he plead guilty the morning trial was scheduled to begin, only after losing his motion to suppress the evidence seized during the stops of his vehicle. The government had already prepared for trial. Moreover, Gonzalez refused to commit to the government in advance that he would plead guilty if his suppression motion was denied. The tardiness of Gonzalez's plea required the government to prepare for the suppression hearing– which involved the testimony of several witnesses– and for the commencement of trial later that same day. We find the District Court did not err in declining to award a one-level downward adjustment under § 3E1.1(b) due to Gonzalez's untimely guilty plea. *See United States v. Hernandez*, 218 F.3d 272, 280 (3d Cir. 2000) (affirming District Court's denial of one-level downward departure under section 3E1.1(b) where defendant plead

5

guilty the day before trial, reasoning that defendant had "put the Government to its burden of proof" during the month preceding trial despite early indications that he might be willing to plead guilty).

Gonzalez's base offense level was correctly calculated, yielding a sentencing range of 97-120 months. Gonzalez's 110-month sentence fell within this range. Although the Sentencing Guidelines are not mandatory, sentences within the prescribed range are presumptively reasonable. *See United States v. Hughes*, 401 F.3d 540, 546-47 (4th Cir. 2005). We will affirm.