**UNITED STATES of America, Appellee,**

v.

**Ontario SPENCER, Defendant– Appellant.**

**Docket No. 05–0483.**

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Yuan Chung Lee, Federal Defender Division, Legal Aid Society, New York, New York, for Appellant.

Paige Peterson, Assistant United States, Attorney (Peter A. Norling, Assistant United States Attorney, on the brief), for Roslynn R., Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

Present: MINER, RAGGI, Circuit Judges, KARAS, District Judge.[1]

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

---

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

AND DECREED that the judgment of the district court, entered on January 27, 2005, is hereby AFFIRMED.

Defendant-appellant Ontario Spencer, who was convicted after a guilty plea of being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), appeals his 78–month incarceratory sentence as unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

After the Supreme Court's ruling in *United States v. Booker*, we "review sentencing decisions for unreasonableness." —— U.S. ——, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005). This standard of review is necessarily "deferential," *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005), because " 'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries," *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir.2005). While the "brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005); *cf. United States v. Godding*, 405 F.3d 125, 127 (2d Cir.2005) *(per curiam)* (noting, in connection with *Crosby* remand, "that the brevity of the term of imprisonment imposed . . . does not reflect the magnitude" of crime). More often, a reasonableness challenge will require us to "focus . . . on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d at 350; *see United States v. Booker*, 125 S.Ct. at 766 (noting that § 3553(a) factors "will guide appellate courts, as they have in the past, in deciding whether a sentence is unreasonable"). In that respect, we impose no "rigorous requirement of specific articulation by the sentencing judge." *United States v. Crosby*, 397 F.3d at 113.

We have specifically declined to "fashion any *per se* rules as to the reasonableness of every sentence within an applicable guideline or the unreasonableness of every sentence outside an applicable guideline." *Id.* at 115. Despite acknowledging this precedent, the government urges us to join those of our sister circuits who employ a rebuttable presumption of reasonableness with respect to sentences falling within accurately calculated Guidelines ranges. *See, e.g., United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005); *United States v. Gonzalez*, 134 Fed. Appx. 595, 598 (3d Cir.2005) (unpublished order);[2] *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir.2005) ("[I]t will be rare for a reviewing court to say . . . a sentence [within a properly calculated Guidelines range] is 'unreasonable.' "). We decline this invitation. Applying the principles already articulated in our circuit's post-*Booker* precedents, we can easily conclude, without affording a specific presumption of reasonableness to Guidelines sentences, that the sentence at issue in this case was reasonable. *Cf. United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir.2005) ("The government urges us to hold that sentences within the Guideline range are *per se* reasonable, but we need not address whether or how much deference is owed sentences within the applicable Guideline range to determine that Winingear's sentence was reasonable.")

---

**2.** Under Third Circuit practice, a court may rely on an unpublished order that, while "not regarded as binding authority," nonetheless provides "a paradigm of the legal analysis [the court] should . . . follow." *Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 865 (3d Cir.1996) (citing Internal Operating Procedure 5.8 (1994)).

Spencer advances three arguments to support his reasonableness challenge: (1) the district court "may have given undue weight" to the Sentencing Guidelines at the expense of other § 3553(a) factors, Appellant Br. at 27; (2) the applicable Guidelines range is unreasonable in (a) placing Spencer in Criminal History Category VI and (b) "double counting" his two prior drug convictions in calculating both his offense level and his criminal history category, *id.* at 25–26; and (3) a 78–month sentence is excessive in light of the § 3553(a) factors. None of these arguments has merit.

The first argument is belied by the record, which clearly reveals the district court's faithful discharge of its statutory duty to consider all § 3553(a) factors in imposing Spencer's sentence. As for the Sentencing Guidelines, the district court specifically acknowledged its willingness "to quarrel" with the severity of Guidelines sentencing ranges for certain offenses. Nevertheless, because of the seriousness of Spencer's offense of conviction—a factor properly considered under § 3553(a)(1), (2)(A)—and the risk of recidivism presented by his long criminal history—a factor properly considered under § 3553(a)(1), (2)(B)—the court noted its independent determination that the Guidelines range (whether calculated by reference to a Criminal History Category of V or VI) was not "too onerous" to do justice in Spencer's case. Sentencing Tr. at 10. Before imposing sentence, however, the court noted various factors favorable to Spencer, particularly with respect to his care of his mother, as well as Spencer's "track record of conviction," which demonstrated his disturbing inability "to avoid committing crimes when . . . on the street." *Id.* at 10. The district court cited the former mitigating factor in imposing a concurrent rather than consecutive sentence, but it noted the latter aggravating factor as the reason for its imposition of a lengthy prison term. Rather than reflecting an erroneous reliance on a single § 3553(a) factor, this careful analysis of the totality of relevant sentencing factors by the district court might well serve as a model for post-*Booker* sentencing proceedings.

Spencer's remaining challenges merit little discussion. His assertion that the Guidelines criminal history categories V and VI are reserved for "the worst of the worst," specifically "mass murderers, drug kingpins, or violent career criminals," Appellant Br. at 25, is wrong. Under the Guidelines, criminal history does not attempt to gauge the seriousness of the crime of conviction; rather it " 'estimates the likelihood of recidivism.' " *United States v. Morris,* 350 F.3d 32, 37 (2d Cir. 2003) (quoting *United States v. Campbell,* 967 F.2d 20, 24–25 (2d Cir.1992)); *see generally* U.S.S.G., Ch. 4, Pt. A, Intro. Comm. (discussing relevance of prior criminal history to factors set forth in 18 U.S.C. § 3553(a)(2)). The district court plainly understood this purpose, and its independent conclusion that Spencer's history revealed a stubborn refusal to conform his conduct to law can hardly be labeled unreasonable.

This court has previously rejected challenges to the Sentencing Guidelines' use of a prior conviction to calculate both offense level and criminal history category. *See United States v. Campbell,* 967 F.2d at 24; *see also United States v. Aska,* 314 F.3d 75, 78 (2d Cir.2002). Nothing in *Booker* requires us to reconsider that conclusion.

Finally, Spencer's argument that his 78–month sentence is "greater than necessary" to serve the purposes identified in § 3553(a)(2), Appellant Br. at 29, is unconvincing in light of the seriousness of his crime of conviction, the fact that he committed the crime within a month of release

from custody, his extensive criminal record, and the sentencing court's careful consideration of these and the other factors outlined in § 3553(a). As we noted in *United States v. Fleming*, 397 F.3d at 100, only rarely will the length of a sentence by itself demonstrate unreasonableness. This is not such a case.

The judgment of the district court, entered on January 27, 2005, is hereby AFFIRMED.

