**Grace KIM, Petitioner,**

**v.**

**UNITED STATES of America,**
**Respondent.**

**No. 06 Civ. 3352.**

United States District Court,
S.D. New York.

Oct. 2, 2006.

## DECISION AND ORDER

MARRERO, District Judge.

Petitioner Grace Kim ("Kim") filed the instant petition (the "Petition") pursuant to 28 U.S.C. § 2255 seeking to vacate and modify her sentence. The Government submitted a response opposing the Petition. For the reasons stated below the Petition is denied.

## I. BACKGROUND

Kim pled guilty to bank fraud involving her forgery of more than 50 checks of her employer in an amount totaling in excess of $400,000 over a period of approximately three and one-half years. In accordance with the United States Sentencing Guidelines, the Probation Office prepared a pre-sentence investigation report ("PSR") which calculated the range of imprisonment associated with Kim's personal history and her offense as 30 to 37 months. In connection with her sentencing, Kim filed a motion for a downward departure by reason of extraordinary post-arrest rehabilitation, acceptance of responsibility and other grounds. By Decision and Order dated April 6, 2004,[1] the Court found that Kim's grounds for a downward departure, either separately or combined, did not satisfy any of the applicable standards, and thus her motion was denied. However, the Court allowed Kim an opportunity, following ad-

ditional psychological evaluations of the relationship between her behavioral disorder and her offense, to renew her motion for departure.

Upon reexamination of the record in the light of the psychological report and additional evidence, the Court concluded that a two-level downward departure for Kim's exceptional post-offense rehabilitation was warranted at that time, resulting in a revised sentencing guidelines range of 24 to 30 months. In determining the sentence appropriate for Kim and her offense, the Court took into account, and specifically referenced, the PSR's Sentence Guidelines analysis as well as the various other considerations enumerated in 18 U.S.C. § 3553(a) (" § 3553(a)"). In particular, the Court noted the need for Kim's sentence to reflect the seriousness of her crime, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and avoid unwarranted sentencing disparities among similar defendants found guilty of similar conduct. (See United States v. Kim, No. 03 Cr. 0774, Sentencing Transcript, April 29, 2005 ("Tr."), at 21.) The Court also reviewed and rejected Kim's argument that a non-custodial sentence was appropriate. Weighing all of the preceding considerations, the Court determined that a sentence outside of the Guidelines range of one year and one day was justified as "sufficient, but not greater than necessary" to comply the proper objectives of sentencing. 18 U.S.C. § 3553(a).

In its opposition to the instant motion, the Government argues that the Petition is procedurally barred from litigation under § 2255 because Kim did not appeal her sentence, and hence has not asserted any

---

1. The Decision and Order are reported at *United States v. Kim,* 313 F.Supp.2d 295 (S.D.N.Y.2004).

claims here that could not have been raised on appeal. The Court does not address this argument because it finds, as discussed below, that Kim's Petition lacks merit even if it were deemed properly before the Court.

In support of her Petition, Kim's primary argument is that the Court improperly perceived the ruling by the Second Circuit in *United States v. Godding*, 405 F.3d 125 (2d Cir.2005), as precluding a non-custodial probationary sentence. Kim misreads the extent of this Court's reference to and reliance on *Godding*. There is nothing in the Court's mention of that case in connection with Kim's sentencing to suggest that the Court felt in any way either constrained or barred by it from imposing a probationary sentence, for the simple reason that at no point during its consideration of Kim's sentence did this Court regard a non-custodial sentence as justifiable, however commendable and extraordinary Ms. Kim's post-arrest rehabilitation and her personal characteristics may have been. Those mitigating circumstances were already fully reflected in the Court's decision to grant a departure and then to impose a non-Guidelines sentence. It was for this reason that the Court took pains to preface its pronouncement of Kim's sentence with some general remarks. Specifically, the Court noted that in determining due punishment in this case, as in all other sentencings, the Court must view the offender not in isolation, but as part of an intricate web of connections among a crime, its perpetrator and the rest of society, and that the Court must also take into account the myriad consequences affecting "many other persons and interests that the offense may have touched, or altered," directly or indirectly, actually or potentially. (Tr. at 21.) With those observations as relevant backdrop, the Court weighed and applied the various factors § 3553(a) prescribes as the articu-lated grounds for the sentence the Court imposed.

In reaching the Court's decision, *Godding* did not carry the decisive weight Kim attributes to it. In *Godding*, the Second Circuit expressed concern that the brevity of a term of imprisonment of one day "does not reflect the magnitude of the theft of nearly $366,000 over a five year period." 405 F.3d at 127. Analogously, for all of the reasons expressed in its consideration of this case, this Court was persuaded that a non-custodial sentence for Kim's theft of more than $400,000 over three and one-half years would not properly reflect the seriousness of her crime, nor promote respect for the law, provide just punishment for the offense, or avoid unwarranted sentencing disparities among similarly situated offenders and offenses.

The *Godding* Court remanded the case for resentencing because the district court judgment had been entered prior to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and thus the sentencing decision did not reflect particular consideration of the § 3553(a) standards in the light of the new post-*Booker* sentencing regime. The major difference here is that this Court sentenced Kim specifically after weighing all of the pertinent § 3553(a) circumstances, granting a downward departure, and determining that a sentence outside of the Guidelines of one year and one day was appropriate. In so ruling the Court made reference to *Godding* not because it believed *Godding* precluded it from imposing a non-custodial sentence, but, quite to the contrary, because the Court read that case as lending support for this Court's conclusion that probation under the circumstances present here would have been manifestly unwarranted, and thus constituted an unreasonable sentence. The Court remains persuaded that the sentence it imposed on

Kim was appropriate when rendered, and that it continues to be a justifiable result. Nothing Kim's Petition argues would alter outcome were the Court presented with the same circumstances for her sentencing today.

## II. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the petition (Docket No. 1) of Grace Kim pursuant to 28 U.S.C. § 2255 requesting resentencing is DENIED.

SO ORDERED.