**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GUILLERMO OCHOA-
VILLARRUEL,

      Defendant-Appellant.

No. 06-1101

(D. Colorado)

(D.C. No. 05-CR-00421-MSK)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Guillermo Ochoa-Villarruel, who pleaded guilty to illegal reentry after previous deportation in violation of 8 U.S.C. 1326(a) and (b)(2), now appeals the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's imposition of a fifty-seven month sentence.  Mr. Ochoa-Villarruel acknowledges that his sentence is within the advisory guideline sentence range of 57 - 71 months, and that this court is bound by our holding in *United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006).  In *Kristl*, we held that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness."  *Id.* at 1054 (internal quotation marks omitted).

Mr. Ochoa-Villarruel contends that there is a circuit split as to this issue, and raises this issue to preserve it for further review.  *See United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006) (holding that "a sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable") (internal quotation marks omitted);  *United States v. Richardson*, 437 F.3d 550, 553-34 (6th Cir. 2006) ("We credit a sentence such as Richardson's that falls within the advisory Guidelines range with a rebuttable presumption of reasonableness.") (internal quotation marks omitted); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) (same); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) (same); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir.) (same); *cert. denied*, 126 S. Ct. 840 (2005); *United States v. Cooper,* 437 F.3d 324, 331 (3d Cir. 2006) ("Although a within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range, a within-guidelines sentence is not necessarily reasonable per se."); *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (stating that "ordinarily we would

-2-

expect a sentence within the Guidelines range to be reasonable"); *United States v. Spencer*, 150 Fed. Appx. 15 (2d Cir. 2005) (unpublished) (declining to "afford[] a specific presumption of reasonableness to Guidelines sentences"). Before us, Mr. Ochoa-Villarruel does not attempt to rebut the presumption of reasonableness we afford to his guidelines sentence. Accordingly, we AFFIRM the judgment of the district court.

Entered for the Court,


Robert H. Henry
Circuit Judge